UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHONG THANH NGUYEN,<br><br>               Plaintiff,<br><br>    v.<br><br>BRUCE SCOTT, Warden, Northwest ICE Processing Center; DREW BOSTOCK, Enforcement and Removal Operations, Seattle Field Office Director, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security,<br><br>               Defendants. | Case No. 2:25-cv-01398<br><br>TEMPORARY ORDER PROHIBITING THIRD COUNTRY REMOVAL AND PRESERVING JURISDICTION |

## I.    INTRODUCTION

Before the Court is Petitioner Phong Thanh Nguyen's emergency Motion for a Temporary Restraining Order ("TRO") pending adjudication of his Petition for Writ of Habeas Corpus. Dkt. 1; Dkt. 2. Having reviewed the motion and related filings, the Court finds that Petitioner has raised serious questions about the Government Respondents' failure to follow non-discretionary statutory and due process requirements when 1) detaining an individual released on supervision; and 2) removing an individual to a third country not included in his removal order. "These serious questions, combined with the clear irreparable harm of deportation, justify

TEMPORARY ORDER PROHIBITING THIRD COUNTRY REMOVAL AND PRESERVING JURISDICTION - 1

temporary intervention." *J.R. v. Bostock*, No. 2:25-CV-01161-JNW, 2025 WL 1810210, at *1 (W.D. Wash. June 30, 2025).

Thus, to preserve its jurisdiction over this case, the Court will order temporary ex parte relief: Respondents are PROHIBITED from removing Petitioner to a country other than Vietnam, absent further order from this Court, until the Court can receive the government's response, hold a hearing, and issue a decision on all aspects of the relief sought in Petitioner's TRO motion. *See A.A.R.P. v. Trump,* 145 S. Ct. 1364, 1369 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter.").

## II.    LEGAL STANDARD

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for a TRO is "substantially identical" to the standard for a preliminary injunction). TROs serve a limited purpose: "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. Of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

A plaintiff seeking a TRO must show: (1) they are likely to succeed on the merits, (2) the potential for irreparable harm absent preliminary relief, (3) the balance of equities favors injunction, and (4) the relief sought is in the public interest. *Winter*, 555 U.S. at 20; *Stuhlbarg*, 240 F.3d at 839 n.7. The movant must make a showing on each element of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). However, "where the 'balance of hardships . . . tips sharply towards the plaintiff,' a plaintiff need only show 'serious questions going to the merits,' rather than likelihood of success on the merits[.]" *Roman v. Wolf*,

TEMPORARY ORDER PROHIBITING THIRD COUNTRY REMOVAL AND PRESERVING JURISDICTION - 2

977 F.3d 935, 941 (9th Cir. 2020) (quoting *All. for the Wild Rockies*, 632 F.3d at 1135).

Additional requirements are imposed on TROs that are granted "ex parte," or without notice to the other party. Under Federal Rule of Civil Procedure 65(b), a TRO may be granted without notice to the adverse party if it appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). Here, Petitioner's TRO motion is supported by affidavits and exhibits. *See* Dkt 2-2–2-15.

### III.   ANALYSIS

First, Petitioner has raised serious questions that his re-detention was unconstitutional. Dkt. 2-1 at 19–23. Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "The Fifth Amendment guarantees due process in deportation proceedings." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001) (citing *Campos-Sanchez v. I.N.S.*, 164 F.3d 448, 450 (9th Cir. 1999), *superseded by statute on other grounds in Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1053 (9th Cir. 2023)).

Second, Petitioner has also raised serious questions going to the merits of his claim that the Government has failed to carry out a non-discretionary duty under the Administrative Procedure Act and relevant regulations. *See* Dkt. 1 ¶ 73; *J.R.*, 2025 WL 1810210, at *3. The ability of Immigrations and Customs Enforcement ("ICE") to detain Petitioner is governed by 8 C.F.R. § 241.13(f), which provides the factors for re-detaining an individual on supervised release. Petitioner has plausibly alleged that ICE failed to follow these regulations. *See* Dkt. 2-1 at 9–10, 22–23. Petitioner has also adequately asserted that ICE did not comply with procedural requirements mandated in 8 C.F.R. § 241.13(i) when revoking release. *See id.* at 22.

Third, Petitioner has raised serious questions that the process for his removal to a third country is unconstitutional. *Id.* at 23–26. A "noncitizen must be given sufficient notice of a country of deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for withholding of deportation." *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1009 (W.D. Wash. 2019) (citing *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976) and *Kossov v. I.N.S.*, 132 F.3d 405, 408 (7th Cir. 1998)). "In the context of country of removal designations, last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country." *Najjar v. Lynch*, 630 Fed. App'x 724 (9th Cir. 2016) (citing *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999)). Thus, the first factor favors Petitioner.

The second *Winter* factor—irreparable harm—also favors Petitioner. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (citation omitted).

Further, the "Ninth Circuit has recognized 'irreparable harms imposed on anyone subject to immigration detention' including 'the economic burdens imposed on detainees and their families as a result of detention, and the collateral harms to children of detainees whose parents are detained.'" *Diaz v. Kaiser*, No. 3:25-cv-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017)). In their declarations, Petitioner's family stated that he is an important caregiver for his daughter who suffers from a rare genetic disorder. Dkt. 2-13 ¶¶ 2, 4, 7–8; Dkt. 2-15 ¶¶ 2, 12–13. And it is beyond dispute that Petitioner would face irreparable harm from removal to a third country. *A.A.R.P.*, 145 S. Ct. at

TEMPORARY ORDER PROHIBITING THIRD COUNTRY REMOVAL AND PRESERVING JURISDICTION - 4

1367 (detainees with pending habeas petitions facing removal under Alien Enemies Act faced "an imminent threat of severe, irreparable harm").

The final two *Winter* factors, which involve balancing the equities and considering the public interest, merge when the Government is a party to a case. *Padilla v. Immigr. & Customs Enf't*, 953 F.3d 1134, 1141 (9th Cir. 2020) (citation omitted). These factors also favor Petitioner. In cases implicating removal, "there is a public interest in preventing [noncitizens] from being wrongfully removed, particularly to countries where they are likely to face substantial harm." *Nken v. Holder*, 556 U.S. 418, 436 (2009). Though there is a countervailing "public interest in prompt execution of removal orders," *id.*, it is well-established that "our system does not permit agencies to act unlawfully even in pursuit of desirable ends," *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 594 U.S. 758, 766 (2021) (citing *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 582 (1952)).

The Government has not yet responded to this emergency motion, but, because Petitioner has raised serious questions going to the merits of his claim and faces "an imminent threat of severe, irreparable harm," the Court GRANTS Petitioner's motion pending the Government's response. *See A.A.R.P.*, 145 S. Ct. at 1367. The Court may grant a TRO to preserve the Court's jurisdiction and the status quo. *A.A.R.P.*, 145 S. Ct. at 1369 (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter.") (citing 28 U.S.C. § 1651).

### IV.    CONCLUSION

The Government is directed to respond within the timeline set by Local Civil Rule 65 or as otherwise agreed by the parties, and the parties are directed to prepare for a hearing on this matter. The parties shall contact the undersigned judge's courtroom deputy by email as soon as possible to arrange a hearing date.

TEMPORARY ORDER PROHIBITING THIRD COUNTRY REMOVAL AND PRESERVING JURISDICTION - 5

The Court HEREBY ORDERS that Respondents and all their officers, agents, servants, employees, attorneys, and persons acting on their behalf in concert or in participation with them are immediately enjoined from removing or deporting Petitioner Phong Thanh Nguyen from this country or jurisdiction to any third country in the world absent prior approval from this Court. Nothing in this order may be construed as preventing the Government from executing Petitioner's removal order and removing him to Vietnam. The U.S. Attorney's Office for the Western District of Washington is directed to immediately provide notice of this order to the enjoined officers and their agents.

Dated this 25th day of July, 2025.

Tiffany M. Cartwright
United States District Judge

TEMPORARY ORDER PROHIBITING THIRD COUNTRY REMOVAL AND PRESERVING JURISDICTION - 6