UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHONG THANH NGUYEN, | Case No. 2:25-cv-01398 |
| Petitioner, | SUPPLEMENTAL ORDER ON RULE 65(C) |
| v. | |
| BRUCE SCOTT, Warden, Northwest ICE Processing Center; CAMMILLA WAMSLEY, Enforcement and Removal Operations, Seattle Field Office Director, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security, | |
| Respondents. | |

## I.   ORDER

Under Federal Rule of Civil Procedure 65(c), in granting a preliminary injunction, the court must require a movant to pay security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." The Ninth Circuit has held that "[d]espite the seemingly mandatory language, Rule

SUPPLEMENTAL ORDER ON RULE 65(C) - 1

65(c) invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (citation modified); *see also Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999) (citing cases) (similar). It is within the district court's discretion to waive the bond requirement entirely if there is no evidence the party will suffer damages from the injunction, if the balance of equities overwhelmingly favors the movant, or where requiring security would effectively deny access to judicial review. *E. Bay Sanctuary Covenant v. Trump*, 349 F. Supp. 3d 838, 868 (N.D. Cal. 2018), *aff'd*, 950 F.3d 1242 (9th Cir. 2020), *and aff'd sub nom. E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640 (9th Cir. 2021), *and aff'd*, 950 F.3d 1242 (9th Cir. 2020), *and aff'd sub nom. E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640 (9th Cir. 2021) (citing cases); *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005).

The Court issued a preliminary injunction on August 21, 2025. Dkt. 45. The Court ordered the immediate release of Petitioner Phong Thanh Nguyen from custody under the conditions of his most recent order of supervision. *Id.* at 55. The Court also prohibited Respondents (1) from removing petitioner to a country other than Vietnam without notice and a meaningful opportunity to be heard in reopened removal proceedings with a hearing before an immigration judge and (2) from removing Petitioner to any country where he is likely to face imprisonment upon arrival. *Id.*

The Court declines to impose a bond for two reasons. First, in their opposition to the motion, Respondents did not request a bond under Rule 65(c). *See generally* Dkt. 37. This alone is cause for the Court to exercise its discretion not to impose a bond. *See, e.g.*, *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003) ("[T]he bond amount may be zero if there is no evidence the party will suffer damages from the injunction."); *Doe v. Noem*, 778 F. Supp. 3d 1151, 1167 (W.D. Wash. 2025) ("The court noted that Defendants did

not allege any costs they would face if the TRO was issued erroneously, and the Court perceived none. . . . . The Court therefore exercises its discretion to waive the bond requirement."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1058 (N.D. Cal. 2021) ("In this case, the government has not requested the posting of security and the Court declines to order it.").

Second, the balance of equities overwhelmingly favors Petitioner. Dkt. 45 at 54–55. This too offers reason for the Court to waive the bond requirement. *See E. Bay Sanctuary*, 349 F. Supp. 3d at 868.

For these reasons, the Court waives the bond requirement under Rule 65(c).

Dated this 25th day of August, 2025.

Tiffany M. Cartwright
United States District Judge